Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission takes judicial notice of the Opinion and Award by Deputy Commissioner Richard B. Ford, filed 21 January 1992. In addition, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner and in the Pre-Trial Agreement dated 3 January 1994, as
STIPULATIONS
1. On 10 January 1990, plaintiff sustained an injury by accident in the nature of an occupational disease of bilateral carpal tunnel syndrome arising out of and in the course of her employment with defendant-employer.
2. As a result of plaintiff's contraction of carpal tunnel syndrome, plaintiff reached maximum medical improvement on 30 May 1990, when plaintiff was released to return to work.
3. As a result of her contraction of bilateral carpal tunnel syndrome, plaintiff received temporary total disability compensation from 31 January 1990 to 30 May 1990, at the rate of $204.80 per week.
4. As a result of her contraction of bilateral carpal tunnel syndrome, plaintiff sustained a 15% permanent partial disability of the right hand.
5. Plaintiff's average weekly wage was $307.20, yielding a compensation rate of $204.80 per week.
6. The deposition of Dr. Michael Longstreet, taken 28 March 1991, is stipulated into evidence.
7. A collection of medical records, collectively marked as Stipulated Documents 1, including the medical records concerning plaintiff from Dr. John W. Parker, Kaiser Permanente, Dr. George S. Edwards, Jr., Gregory M. Bertics, M.D., The Raleigh Urgent Care Center and Riverside Laboratories, are stipulated into evidence.
* * * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the deposition of George S. Edwards, Jr., M.D. are OVERRULED.
* * * * * * * * * * * *
Based upon all of the competent evidence adduced from the record, the Full Commission adopts the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. On 10 January 1990, plaintiff sustained an injury by accident in the nature of an occupational disease of bilateral carpal tunnel syndrome arising out of and in the course of her employment with defendant-employer.
2. As a result of plaintiff's contraction of bilateral carpal tunnel syndrome, plaintiff reached maximum medical improvement on 30 May 1990, when plaintiff was released to return to work.
3. As a result of her contraction of bilateral carpal tunnel syndrome, plaintiff received temporary total disability compensation from 31 January 1990 to 30 May 1990, at the rate of $204.80 per week.
4. As a result of her contraction of bilateral carpal tunnel syndrome, plaintiff sustained a 15% permanent partial disability of the right hand.
5. Since plaintiff reached maximum medical improvement with a 15% permanent partial disability of the right hand, plaintiff's right hand has not worsened.
6. As a result of plaintiff's contraction of bilateral carpal tunnel syndrome, plaintiff's left hand has significantly worsened since plaintiff reached maximum medical improvement on 30 May 1990.
7. Before plaintiff reached maximum medical improvement from her compensable contraction of carpal tunnel syndrome, plaintiff was terminated from her employment with defendant-employer, which resulted from the amount of time which plaintiff had to be absent from work as a result of her contraction of an occupational disease.
8. After plaintiff reached maximum medical improvement on 30 May 1990, plaintiff made reasonable, but unsuccessful, efforts to obtain employment.
9. As a result of plaintiff's contraction of carpal tunnel syndrome, permanent partial disability of the right hand, diabetes, reasonable but unsuccessful efforts to obtain employment, and significant worsening of the carpal tunnel syndrome in plaintiff's left hand after plaintiff reached maximum medical improvement on 30 May 1990, plaintiff has been incapable of earning wages with defendant-employer or in any other employment since 1 February 1992.
* * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff reached maximum medical improvement from her compensable carpal tunnel syndrome of the right hand, plaintiff has not undergone a change of condition of her right hand. N.C. Gen. Stat. § 97-47.
2. Since plaintiff reached maximum medical improvement from her compensable carpal tunnel syndrome of the left hand, plaintiff has undergone a substantial change for the worse in her condition. N.C. Gen. Stat. § 97-47.
3. As a result of plaintiff's substantial change for the worse in her condition of the left hand, permanent partial disability of the right hand, diabetes, and reasonable but unsuccessful efforts to obtain employment, plaintiff is entitled to temporary total disability compensation at the rate of $204.80 per week, beginning 1 February 1992 and continuing until further order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation. N.C. Gen. Stat. § 97-47; N.C. Gen. Stat. § 97-29.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $204.80 per week, beginning 1 February 1992 and continuing until further Order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in paragraph 3.
2. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of her compensable carpal tunnel syndrome and substantial change for the worse in her condition, when bills for same have been submitted to defendants or defendant-carrier and approved pursuant to procedures established by the Commission.
3. A reasonable attorney fee of 25% of the compensation due plaintiff under paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: 25% of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration and designation of this attorney fee contemplates that counsel for the plaintiff shall continue and is ORDERED to monitor the submission of plaintiff's medical expenses.
4. Defendants shall pay the costs due this Commission.
 S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
BSB:md